CLERK'S OFFICE U.S. DIST. COURT
AT HARRISONBURG, VA
FILED
September 21, 2026
LAURA A. AUSTIN, CLERK
BY: s/J.Vasquez
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | | |
|---|---|---|
| PAUL LEE ARTIS, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 7:26-cv-00637 |
| | ) | |
| v. | ) | **MEMORANDUM OPINION** |
| | ) | |
| LYNCHBURG POLICE DEPARTMENT K-9 UNIT, | ) | By: Hon. Thomas T. Cullen<br>United States District Judge |
| | ) | |
| Defendant. | ) | |

Plaintiff Paul Lee Artis, a Virginia pretrial detainee proceeding *pro se*, filed this action under 42 U.S.C. § 1983 against Defendant the Lynchburg Police Department K-9 Unit. (*See* Compl. [ECF No. 1].) This matter is before the court for screening under 28 U.S.C. § 1915A. For the following reasons, Plaintiff's allegations fail to state a claim.

In his complaint, Plaintiff alleges that, on March 29, 2026, between 12:00 a.m. and 3:00 a.m., "the police [were] called on him for a[n] incident involving [him] and someone else that was in the house." (Compl. at 3.) Plaintiff further alleges that he did not know that the police were called because he had "remove[d] [himself][] and went to the [detached] basement of the house." (*Id.* at.) According to Plaintiff, while he lay asleep in the basement, "the police" allegedly deployed a canine on him but did not announce their presence to Plaintiff. (*Id.* at 4–5.) Plaintiff alleges that the canine bit him in his upper left arm while he was asleep. (*Id.* at 5.)

Before or soon after docketing, the court must review the complaint in any "civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity." 28 U.S.C. § 1915A(a). Following its review, the court must dismiss the complaint, or any portion thereof, that "is frivolous, malicious, or fails to state a claim upon

which relief may be granted." 28 U.S.C. § 1915A(b). In assessing whether a prisoner complaint fails to state a claim for purposes of § 1915A, the court applies the same standard as under Federal Rule of Civil Procedure 12(b)(6). *See Fields v. Fed. Bureau of Prisons*, 109 F.4th 264, 267(4th Cir. 2024) (citations omitted), *rev'd on other grounds*, 606 U.S. 942 (2025). The court therefore accepts all well-pleaded factual allegations as true and draws all reasonable inferences in Plaintiff's favor and asks whether those allegations state a plausible claim for relief. *See id.*; *Hodges v. Meletis*, 109 F.4th 252, 259 (4th Cir. 2024) (citations omitted).

When a prisoner files his complaint *pro se*, the court construes his allegations in his favor and should not dismiss his claim unless "it appears certain that [he] cannot prove any set of facts in support of his claim entitling him to relief." *Shaw v. Foreman*, 59 F.4th 121, 127 (4th Cir. 2023) (quoting *Martin v. Duffy*, 858 F.3d 239, 248 (4th Cir. 2017)). And when an action implicates civil rights interests, the court "must be especially solicitous of the wrongs alleged" and "must not dismiss the complaint unless it appears to a certainty that the plaintiff would not be entitled to relief under any legal theory which might plausibly be suggested by the facts alleged." *Slade v. Hampton Rds. Reg'l Jail*, 407 F.3d 243, 248 (4th Cir. 2005) (cleaned up).

Plaintiff's claims arise, if at all, under 42 U.S.C. § 1983, which authorizes a civil action by a citizen deprived of "any rights, privileges, or immunities secured by the Constitution and laws" of the United States by a person acting under color of state law. To state a claim under § 1983, a plaintiff must allege both (1) "the violation of a right secured by the Constitution and laws of the United States" and (2) "that the alleged deprivation was committed *by a person* acting under color of state law." *Crosby v. City of Gastonia*, 635 F.3d 634, 639 (4th Cir. 2011) (quoting *West v. Atkins,* 487 U.S. 42, 48 (1988)) (emphasis added). Importantly, liability under

§ 1983 is "personal, based upon each defendant's own constitutional violations." *Trulock v. Freeh*, 275 F.3d 391, 402 (4th Cir. 2001).

As noted, Plaintiff has sued the Lynchburg Police Department K-9 Unit.[1] (*See* ECF No. 1 at 1.) But Plaintiff's claims against this Defendant must fail. The Lynchburg Police Department K-9 Unit is not a "person" subject to suit under § 1983.[2] *See Graham v. Trinity Food Serv.*, No. 7:23-cv-00062, 2023 WL 5019536, at *2 (W.D. Va. Aug. 7, 2023) ("The staff of an organization is not considered a 'person' subject to suit under § 1983, and groups of people may not be sued under § 1983."); *Spillman v. Lopinto*, No. 20-3468, 2021 WL 11645137, at *2 n.1 (E.D. La. Feb. 2, 2021) ("To the extent that Plaintiff's complaint can be read as naming the "K-9 Unit" as a separate defendant, such discrete departments of law enforcement entities are not considered to be "persons" within the meaning of § 1983").[3] Because Plaintiff has failed to identify a viable Defendant, he has failed to state a claim.[4]

The Clerk is directed to forward a copy of this Memorandum Opinion and the accompanying Order to Plaintiff.

**ENTERED** this 21st day of September, 2026.

*/s/ Thomas T. Cullen*
HON. THOMAS T. CULLEN
UNITED STATES DISTRICT JUDGE

[1] Plaintiff does not sue any of the officers that were involved in the alleged canine deployment. (*See* Compl.)

[2] To the extent Plaintiff intended to sue the Lynchburg Police Department itself, that entity is also not subject to suit under § 1983. *Santiago v. Lynchburg Police Dep't*, No. 7:23-cv-00281, 2024 WL 542414, at *2 (W.D. Va. Feb. 12, 2024) ("[I]n Virginia, police departments are not persons amenable to suit under § 1983").

[3] Although this report and recommendation was later vacated by the district court, a subsequent report and recommendation, which was adopted, stated that the prior rationale for dismissing claims against the "K-9 Unit" remained valid. *See Spillman v. Lopinto*, No. 20-3468, 2021 WL 7627523, at *1 (E.D. La. July 16, 2021), *report and recommendation adopted*, 2022 WL 834772 (E.D. La. Mar. 21, 2022).

[4] Plaintiff has also filed a motion for leave to amend his complaint (ECF No. 2), which remains pending. But because Plaintiff's proposed amended complaint suffers from the same deficiencies as his current complaint (*see id.*), that motion will be denied without prejudice.